## Christophers *versus* Selden.

Whether a judgment is a lien on the real estate sold, and as such entitled to be paid out of the proceeds of a sheriff's sale, is a question of law, unless it depends upon some disputed fact, in which case, such controverted fact must be stated, without which, it is error for the court to direct a feigned issue to try the question.

Before granting an issue, the courts should require a precise statement of the particular facts in dispute, and the issues should be strictly confined to the ascertaining of such facts. See Russell *v.* Reed, 3 *Casey* 166.

The practice of suing out writs of error upon feigned issues, before final decree has the effect of protracting litigation, and is to be discouraged. See Brown's Appeal, 2 *Casey* 490.

ERROR to the Common Pleas of *Pike county.*

This was a feigned issue, directed by the Court of Common Pleas of Pike county, in which David Selden was plaintiff, and Thomas S. Christophers and Thomas Vermilya were defendants. The real estate of Thomas S. Christophers had been seized and sold on judgments against him in favour of various persons, for the use of David Selden, for the sum of $9100. Selden was the purchaser. The same real estate had been conveyed by Christophers, on the 23d day of February, 1849, to Vermilya, in trust for the two sons of the former, with remainder over to Christophers and Vermilya, in case of the death of both the *cestui que trusts* without lawful issue. The conveyance was subject to the encumbrances then existing upon the property, among which were the judgments upon which it was sold, and with power to mortgage, exchange, or sell the whole or any part of the estate. And in case of sale to re-invest the proceeds upon the same trusts expressed in the deed.

On the 19th February, 1851, Christophers and Vermilya executed a bond, with warrant of attorney, to confess judgment to David Selden for the sum of $2000, upon which judgment was entered on the following day. The land was sold by the sheriff, on the 13th of September, 1851, and on the 16th of the same month exceptions were filed to the confirmation of the sheriff's sale, and the acknowledgment of the deed, which were overruled

[Christophers *v.* Selden.]

on the 17th February, 1852, and the deed acknowledged to the purchaser.

The money being in court for distribution, the petition of Thomas S. Christophers was presented to the court, alleging that the note on which the said judgment (of $2000) was entered was obtained "by misrepresentation, and upon considerations that have, if not altogether, to a very considerable extent, failed, and upon promises and agreements, with which the said plaintiff hath failed to comply, as this deponent doth truly believe. That the said judgment, as this deponent has been advised and believes, is not and was not, at the time of its rendition, a legal lien or encumbrance upon the estate so sold, nor entitled to be paid out of the proceeds thereof, even if the said judgment should be held valid as against the individual defendants therein.

"He, therefore, prays an issue to decide the facts in dispute."

On the 15th of June, 1852, the court made the following order: "The court direct a feigned issue, in which David Selden shall be plaintiff, and Thomas Vermilya and Thomas S. Christophers, defendants, to ascertain whether judgment No.     of Term, 1851, for $2000, on the records of the court, which is in dispute between the parties, or the note on which said judgment is entered, was obtained by misrepresentation and upon a consideration which has failed, if not altogether, to a very considerable extent; and upon promises and agreements with which the plaintiff has failed to comply. Also to ascertain whether the said judgment was a lien on the said real estate sold, and entitled to be paid out of the proceeds of such sale. The plaintiff to file a *narr.* in *assumpsit* in the nature of a wager within ten days, and the defendants to join issue thereto."

On the 25th September, 1852, the following verdict was rendered:—

"We find in favour of the plaintiff six cents damages, and six cents costs, and that the judgment recited in the *narr.* is a lien on the whole real estate for the sum of $1382.81, and on the contingent interest of Thomas S. Christophers and Thomas Vermilya, under the deed from Thomas S. Christophers to Thomas Vermilya in trust, &c., dated the 23d day of February, 1849, for the real estate mentioned in the *narr.* to the amount of $695.18."

Upon the trial in the court below several bills of exception were signed at the instance of defendants, to the admission and rejection of testimony, which, together with the charge of the court, were assigned for error in this court. But not being discussed or decided in the opinion read and judgment entered in this court, are not deemed material.

The defendants also assigned for error, that—The court erred in directing the second part of the feigned issue to be put in this form, "to ascertain whether the said judgment was a lien on the

[Christophers *v.* Selden.]

said real estate sold and entitled to be paid out of the proceeds of such sale."

*M. Goepp*, for plaintiffs in error.—This writ was sued out before the case of Wills *v.* Hannen & Davis, 10 *Harris* 334, was published; and before that of Brown's Appeal, 2 *Casey* 490, was made. Otherwise the cause would not be here in this form.

By the form of the issue, the whole matter of law and fact was thrown before the jury; and this, according to repeated decisions, was error: Shertzer's Executors *v.* Herr, 7 *Harris* 34; Schultze's Appeal, 1 *Barr* 254; Donaldson *v.* The West Branch Bank, *Id.* 286; Muhlenberg *v.* Brock, 1 *Casey* 517. The effect of the issue in that form was to complicate and confound, and leave the facts unsettled. The jury have not found the facts in issue with clearness and certainty.

*Reeder* and *Green*, for defendant in error.—The writ of error, under the decisions quoted, is unnecessary and should be dismissed.

The defendants, by joining in the issue and going to trial under it, acquiesced in its form, and should not be allowed to repudiate it after taking the chances of a verdict in their favour.

Although this court has expressed dissatisfaction with defectively formed issues, they have in no instance, except Shertzer *v.* Herr, reversed for that reason. In Shultze's Appeal the case was presented upon an appeal from the final decree of distribution. The case was reversed for an error in the distribution as to the right of a creditor, and not because of defect in the issue. In Donaldson *v.* The West Branch Bank the case was reversed for misdirection of the court, and not because the issue wanted proper form. In Muhlenberg *v.* Brock, there was no issue at all, but merely an order of court directing it to be made. The parties went to trial, and the court below withdrew the case from the jury. In Shertzer's Executors *v.* Herr, an issue was directed to try who was entitled to certain money in court.

This issue is in the words almost of the petition which prayed for it. The plaintiff in error got what he asked, and should not be permitted to gainsay it.

But the error complained of did the plaintiff in error no injury. The finding is not conclusive upon the court, and they may disregard it in making up the final decree. What is here complained of is merely surplusage—and that introduced with the parties' own consent—and it is unnecessary to cite authorities to show, that matter of that kind does not vitiate the proceedings.

The opinion of the court was delivered by

LEWIS, C. J.—This was an issue directed by the court to deter-

mine two questions. The first question was whether the judgment of Selden for " $2000, or the note on which it is founded, was obtained by misrepresentation and upon a consideration which has failed, if not altogether, to a very considerable extent, and upon promises and agreements with which the plaintiff has failed to comply." The second question was whether " the said judgment is a lien on the real estate sold, and entitled to be paid out of the proceeds of such sale." The last question, so far as appears of record, is a question of law to be determined by the court. If it depends on any question of fact in dispute; the particular fact is not stated, and therefore it was error to direct an issue in regard to it. The question first mentioned is one of fact; but it is so vaguely stated that the court ought to have required a more precise statement of the particular facts in dispute. The first inclination of the court was to sustain the proceedings so far as they relate to this particular issue, and to reverse so far as the verdict relates to the other issue. But in examining the bills of exception we find great difficulty in separating the evidence pertinent to one issue from that which relates to the other ; and it is very probable that the jury had their attention distracted by the mass of irrelevant testimony so far as to prevent a fair trial on the question of fact. There is no motive for sustaining such an irregular course. It puts all parties to unnecessary trouble and expense, and ought to be discouraged by the courts by all the means in their power. If any fact be in dispute, it must be very easy to state it with precision. The issue should then be strictly confined to that fact: Shertzer's Executors *v.* Herr, 7 *Harris* 36. If this were insisted on, the parties would often find that they were really disputing on questions of *law* and not on questions of fact at all; and that the most expeditious way to end the controversy would be to take the decision of the court upon them in making the decree of distribution. The cause could then be *finally* ended here. But a writ of error, on an issue before final decree, does so little towards ending the cause, that if the parties are determined thus to procrastinate and to keep up litigation, they must not expect this court to favour such enterprises beyond conceding to the parties their legal rights. They had no right whatever to such an issue as they have tried in this case, and the proceedings are therefore to be reversed.

> Judgment reversed ; and the order of the court directing the issue in this case set aside. It is further ordered that the record be remitted to the court below for further proceedings according to law.